**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| BROADWAY FORD TRUCK SALES, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 4:20-CV-00999-JAR |
| DEPOSITORS INS. CO., | ) ) | |
| Defendant. | ) ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff Broadway Ford Truck Sales, Inc.'s ("Broadway Ford") Motion for Extension of Time to Respond to Defendant Depositors Insurance Company's ("Depositors") Motion for Partial Summary Judgment. (Doc. 32). The motion is fully briefed and ready for disposition. For the reasons discussed below, the motion will be denied.

## I.    BACKGROUND

Depositors issued Broadway Ford a commercial property insurance policy (the "Policy") effective August 1, 2017. (Doc. 28 at ¶ 1). Soon after the Policy became effective, Broadway Ford sustained physical losses due to a fire. (*Id.* at ¶ 2). Broadway Ford made a claim under the Policy, and the parties executed a partial settlement agreement ("Settlement Agreement") on March 29, 2019. (*Id.* at ¶¶ 3-4; Doc. 31-1). The Settlement Agreement is only partial because it specifically carves out Broadway Ford's "claims for Business Income and Extra Expense which are not included or made a part of this Agreement and remain open." (Doc. 31-1 at § 2).

On July 30, 2020, Broadway Ford filed a two-count complaint against Depositors. (Doc. 1). In Count One, Broadway Ford alleges that Depositors breached the Policy by unduly delaying the valuation of the damaged property, resulting in Broadway Ford incurring additional lost

business income and extra expenses. (*Id.* at ¶¶ 16-23). In Count Two, Broadway Ford seeks damages for vexatious refusal pursuant to Mo. Rev. Stat. § 375.296. (*Id.* at ¶¶ 24-31).

Though discovery has not been completed, Depositors moved for summary judgment as to Count II on the grounds that the Settlement Agreement bars the vexatious refusal claim. (Doc. 26). On May 11, 2021, in response to Depositors' motion for partial summary judgment, Broadway Ford filed the instant motion for extension of time to respond pursuant to Fed. R. Civ. P. 56(d). (Doc. 32). Broadway Ford claims that discovery is necessary to determine the parties' intentions regarding the Settlement Agreement. There is also a pending motion to compel before this Court in which Broadway Ford seeks production of Depositors' entire insurance claim file concerning this case. (Doc. 19).

## II.     LEGAL STANDARD

Generally, summary judgment is proper "only after the nonmovant has had adequate time for discovery." *Iverson v. Johnson Gas Appliance Co.*, 172 F.3d 524, 530 (8th Cir. 1999) (internal quotation omitted). Per Fed. R. Civ. P. 56(d), a court may defer or deny a motion for summary judgment if "a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition."  The party seeking further discovery pursuant to Rule 56(d) must demonstrate that (1) they have set forth in affidavit form the specific facts that they hope to elicit from further discovery, (2) the facts sought exist, and (3) these sought-after facts are essential to resist the summary judgment motion. *Toben v. Bridgestone Retail Operations, LLC*, 751 F.3d 888, 895 (8th Cir. 2014) (citation omitted).

## III.     ANALYSIS

Depositors' partial motion for summary judgment strictly argues that the Settlement Agreement unambiguously bars Broadway Ford's vexatious refusal claim. The parties have

effectively identified three potential results from this Court's review of the Settlement Agreement. First, as Depositors suggests, this Court could determine that the Settlement Agreement unambiguously bars Broadway Ford's vexatious refusal claim and summary judgment is warranted. (Doc. 27 at 8-12). Second, as Broadway Ford proposes, this Court could hold that the Settlement Agreement unambiguously carves out the vexatious refusal claim, which would result in this Court denying Depositors' motion for partial summary judgment. (Doc. 34 at 5-9). Finally, the Court could find as a matter of law that the Settlement Agreement is ambiguous and parol evidence is necessary to ascertain the parties' intentions, which would also result in denial of the partial summary judgment motion. (*Id.* at 9; Doc. 42 at 1-3). A contract is ambiguous "only if its terms are susceptible to more than one meaning so that reasonable [persons] may fairly and honestly differ in their construction of the terms." *Eisenberg v. Redd*, 38 S.W.3d 409, 411 (Mo. banc 2001) (citation omitted). The existence of ambiguity is a question of law. *See Whelan Sec. Co. v. Kennebrew*, 379 S.W.3d 835, 846 (Mo. banc 2012)

Discovery regarding Depositors' intentions in entering the Settlement Agreement is unnecessary for Broadway Ford to respond to the motion for partial summary judgment. As Depositors notes, the motion for partial summary judgment is "premised on [Depositors'] claim that the Settlement Agreement is unambiguous." (Doc. 38 at 5). In its reply, Broadway Ford repeatedly and accurately contends that "there is a possibility the [C]ourt may find the [ ] Settlement Agreement to be ambiguous." (Doc. 42 at 2). This is true, but any such ambiguity "must appear from the four corners of the [Settlement Agreement] – extrinsic evidence cannot be used to create an ambiguity." *Schoedinger v. Beck*, 557 S.W.3d 531, 536 (Mo. Ct. App. 2019). If this Court determines the Settlement Agreement is unambiguous, parol evidence regarding the parties' intentions is irrelevant. Alternatively, if this Court determines that the Settlement Agreement is

ambiguous, it will deny the motion for partial summary judgment because parol evidence will be necessary to ascertain the parties' intentions.

This Court recognizes that because the "purpose of Rule 56(d) is to provide an additional safeguard against an improvident or premature grant of summary judgment," courts should apply the rule "with a spirit of liberality." *Rummel v. Massachusetts Mut. Life Ins. Co.*, No. 4:13-CV-1743 RWS, 2014 WL 1116741, at *1 (E.D. Mo. Mar. 20, 2014) (quoting *U.S. ex rel. Bernard v. Casino Magic Corp.*, 293 F.3d 419, 426 (8th Cir. 2002)). But Broadway Ford has failed to demonstrate how the "sought-after facts are essential to resist the summary judgment motion." *Toben*, 751 F.3d at 895 (citation omitted). Everything essential to disposition of the pending motion for partial summary judgment exists within the four corners of the Settlement Agreement. Depositors' motion presents a purely legal question – whether the Settlement Agreement unambiguously bars the vexatious refusal claim – which can be answered independent of any facts Broadway Ford seeks through the further discovery identified in its affidavit.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Broadway Ford Truck Sales, Inc.'s Motion for Extension of Time to Respond to Defendant Depositors Insurance Company's Motion for Partial Summary Judgment (Doc. 32) is **DENIED**.

**IT IS FURTHER ORDERED** that Broadway Ford shall respond to Depositors' Motion for Partial Summary Judgment within **fourteen (14) days of this Memorandum and Order**.

Dated this 24th day of May, 2021.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE