**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| BROADWAY FORD TRUCK SALES, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 4:20-CV-00999-JAR |
| DEPOSITORS INS. CO., | ) ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff Broadway Ford Truck Sales, Inc.'s

("Broadway Ford") Motion to Compel. (Doc. 19). Defendant Depositors Insurance Company

("Depositors") has responded (Doc. 40), and Broadway Ford has replied. (Doc. 44).


I.      **BACKGROUND**

This Court has previously summarized the relevant background in this case:

Depositors issued [Broadway Ford] a Commercial Property Policy effective
August 1, 2017 (the "Policy"). (Doc. 28-1; Doc. 46 at ¶ 1). On September 2,
2017, a fire caused substantial damage to Broadway Ford's business premises.
(Doc. 46 at ¶ 2). After Broadway Ford made a claim under the Policy, the parties
achieved a partial compromise and accordingly executed a Limited Settlement
Agreement and Release of Disputed Property Claims on March 29, 2019 (the
"Settlement Agreement"). (*Id.* at ¶ 4; Doc. 31-1). The Settlement Agreement
released Broadway Ford's claims for Building and Business Personal Property
coverage but explicitly notes that "claims for Business Income and Extra Expense
[ ] are not included or made a part of this [Settlement] Agreement and remain
open." (Doc. 31-1 at § 2). On July 30, 2020, Broadway Ford filed a two-count
complaint in this Court. (Doc. 1). In Count I, Broadway Ford alleges that
Depositors breached its contractual obligations by failing to timely assess the
damages recoverable under the Policy, causing Broadway Ford to incur additional
lost Business Income and Extra Expense. (*Id.* at ¶¶ 15-23). In Count II, Broadway
Ford seeks damages for vexatious refusal pursuant to MO. REV. STAT. § 375.296
on the grounds that Depositors "refused and failed to pay the subject claim

without conducting a reasonable and adequate investigation." (*Id.* at ¶ 27). (Doc. 61 at 1-2).

On July 28, 2021, this Court granted partial summary judgment in favor of Depositors, holding that the Settlement Agreement bars Broadway Ford from pursuing damages for vexatious refusal in Count II, but only as to the Building and Business Personal Property coverage claims. (Doc. 61).

Prior to this Court issuing its ruling on Depositors' motion for partial summary judgment, Broadway Ford filed a motion to compel numerous documents. (Doc. 19). On June 9, 2021 (Doc. 45) and August 6, 2021 (Doc. 63), this Court held status conferences with the parties to discuss pending matters in this action, including the motion to compel. The August 6, 2021 conference effectively mooted many of the issues identified in the motion to compel. Following this conference, and as ordered by the Court, the parties filed two joint status reports concerning discovery progress. (Docs. 66, 68). Finally, on September 29, 2021, the parties filed separate status reports expressing that the "only ongoing discovery issue relates to [Broadway Ford's] Request for Production Nos. 8 and 13." (Doc. 70 at 1; *see also* Doc. 71 at 2). The parties have reached an impasse on this issue and now seek this Court's ruling on the motion to compel as to Broadway Ford's Request for Production Nos. 8 and 13.

## II.     ANALYSIS

Pursuant to Fed. R. Civ. P. 26(b)(1), parties may obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the

proposed discovery outweighs its likely benefit." A district court has considerable discretion in handling pretrial discovery. *Chavis Van & Storage of Myrtle Beach, Inc. v. United Van Lines, LLC*, 784 F.3d 1183, 1198 (8th Cir. 2015).

In Request for Production No. 8, Broadway Ford seeks "[a]ll claims manuals, standards, analyses, computer programs, reports, newspapers, media articles, literature, and other tangible materials used by [Depositors] for the prompt investigation and settlement of claims." (Doc. 19-1 at ¶ 8). In Request for Production No. 13, Broadway Ford seeks "[a]ny and all documents, including but not limited to, video presentations Power Point presentations, manuals, computer presentations, online presentations, bulletins, and guidelines used to train and assist [Depositors'] commercial claims personnel in processing claims. This request is limited to documents created between January 1, 2011 and the present." (*Id.* at ¶ 13). Depositors objected that these requests are "overly broad and vague," seek irrelevant information, and are not properly limited to the relevant time period in this litigation. (*Id.* at ¶¶ 8, 13). Depositors states it has offered to produce "a list of trainings of the two individuals involved with [Broadway Ford's] claims as well as a list of manuals, handbooks and/or procedures available to those adjusters during the handling of [Broadway Ford's] claim." (Doc. 71 at 2).

The Court agrees with Depositors that Broadway Ford appears to have requested irrelevant information disproportional to the needs of this case. The fire at issue occurred in September 2017. The Court cannot see how claims manuals and guidelines utilized by Depositors long before that date are of any relevance. Broadway Ford has also not limited its requests to information concerning the particular types of insurance claims relevant to this litigation. *See Affiliated Foods Midwest Coop., Inc. v. SuperValu, Inc.*, No. 8:16-CV-465, 2018 WL 6177074, at *3 (D. Neb. Nov. 27, 2018) (citation omitted) ("Generally, a discovery request

without any temporal or other reasonable limitation is objectionable on its face as overly broad."). Finally, Broadway Ford's request is overly broad in that it appears to seek any "tangible materials" ever used by Depositors for any claim settlement and investigation effort. *See* Fed. R. Civ. P. 34(b)(1)(A).

Depositors has reasonably offered to produce the applicable documents used by the company during the time period at issue, as well as the training received by the particular individuals who handled Broadway Ford's claims. The Court does recognize that the relevant discovery may be broader than that currently offered by Depositors, especially considering Broadway Ford's vexatious refusal claim will require a determination as to whether Depositors withheld payment "without reasonable cause." MO. REV. STAT. § 375.296. *See Suljanovic v. State Farm Automobile Ins. Co.*, No. 4:20-CV-534 RLW, 2021 WL 634143, at *3-4 (E.D. Mo. Feb. 18, 2021) (permitting broad discovery relating to vexatious refusal claim).

The Court strongly encourages the parties to consider the above guidance and negotiate production of a narrower set of the materials sought in Requests for Production Nos. 8 and 13. The Court will deny the motion to compel without prejudice and order the parties to meet, confer, and provide the Court with joint or separate status report(s) regarding these efforts. If Broadway Ford chooses to renew its motion to compel, it must provide the Court with a substantially more tailored (both temporally and substantively) request for materials which would be relevant to this litigation. Finally, the Court will order the parties to submit a joint motion to amend the Case Management Order, considering these discovery delays have essentially rendered the existing Case Management Order inapplicable.

Accordingly,

**IT IS HEREBY ORDERED** that Broadway Ford's Motion to Compel (Doc. 19) is **DENIED without prejudice**. The parties shall meet, confer, and, considering this Court's guidance, submit joint or separate status report(s) concerning Requests for Production Nos. 8 and 13 no later than **November 8, 2021**.

**IT IS FURTHER ORDERED** that the parties shall submit a joint motion to amend the Case Management Order no later than **November 15, 2021**.

**IT IS FINALLY ORDERED** that Broadway Ford's Motion to Vacate Case Management Order (Doc. 62) is **DENIED as moot.**

Dated this 12th day of October, 2021.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE