UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| BROADWAY FORD TRUCK SALES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:20-CV-999-JAR |
| | ) | |
| DEPOSITORS INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant's motion for summary judgment in this action involving an insurance claim. For the reasons discussed below, the motion will be granted.

**I.  BACKGROUND**

Plaintiff Broadway Ford Truck Sales sustained substantial fire damage to its business premises in September 2017. At the time, Plaintiff carried commercial property insurance under a policy issued by Defendant Depositors Insurance Company. As relevant here, the policy contained separate coverage forms for (1) loss or damage to the insured's Building and Business Personal Property ("Building/Property" coverage) and (2) lost Business Income due to the suspension of operations and Extra Expenses incurred to minimize disruption (e.g., temporary relocation) ("Income/Expense" coverage). (Doc. 97-2 at pp. 26, 112). The policy provided Income/Expense coverage for a maximum of twelve consecutive months following the date of the incident.

After the fire, Plaintiff promptly submitted its claim to Defendant for coverage under the policy. Defendant was slow to process the claim and did not determine the value of Plaintiff's structural loss until March 2019, nearly twenty months later, during which Plaintiff suffered

1

Income/Expense losses beyond the 12-month limit of the policy.  Upon Defendant's valuation of the structural loss, the parties executed a limited settlement agreement resolving Plaintiff's claims for Building/Property coverage but expressly reserving any Income/Expense claims. The agreement states in pertinent part:

> The Insured releases and forever discharges [Defendant] … from any and all claims, demands[,] obligations, or causes of action of any nature whatsoever, whether based on contract indemnity, breach of contract, tort (including breach of the implied covenant of good faith and fair dealing), bad faith, any other theory of recovery and whether for compensatory or punitive damages, for damages to the Insured's building and business personal property under the Building and Business Personal Property Coverage under the Policy arising out of the Insured's property damages claims and the losses as a result of the Incident and related thereto or any obligations of the Parties – with the exception of the Insured's claims for Business Income and Extra Expense which are not included or made part of this Agreement and remain open.

(Doc. 99-1 at p. 2).

In July 2020, Plaintiff filed this action asserting that Defendant breached its contractual obligations by failing to timely evaluate its property damages recoverable under the policy, causing Plaintiff to incur additional lost business income and extra expenses beyond the 12 months covered by the Income/Expense provisions of the policy.  Plaintiff also asserted a count of vexatious refusal seeking statutory damages from Defendant's failure to timely pay the claim, as permitted by Mo. Rev. Stat. § 375.296 and § 375.420 (providing for damages as a percent of the loss, plus attorney fees).

In earlier proceedings, Defendant sought partial summary judgment on Plaintiff's claim of vexatious refusal, arguing that the settlement agreement foreclosed any further recovery stemming from Defendant's handling of Plaintiff's insurance claim for Building/Property losses.  This Court agreed and granted summary judgment barring additional relief related to Defendant's processing of coverage claims falling within the Building/Property provisions of the policy.  (Doc. 61). *Broadway Ford Truck Sales, Inc. v. Depositors Ins. Co.*, 4:20-CV-00999-JAR, 2021 WL 3186531

(E.D. Mo. July 28, 2021). However, the Court denied summary judgment to the extent Plaintiff's claim of vexatious refusal could be understood to relate to Income/Expense coverage under the policy. *Id.*

After an unsuccessful mediation and further discovery, Defendants filed the present motion for summary judgment on Plaintiff's remaining claims to the extent they fall outside the settlement agreement and within the Income/Expense provisions of the policy. In support of the motion, Defendant avers that it has already paid Plaintiff's claimed Income/Expense losses for the full twelve months provided by the policy, so Plaintiff cannot maintain any viable breach-of-contract or vexatious refusal claims based on Defendant's obligations under that provision. Rather, Plaintiff seeks recovery of lost income and expenses for additional months beyond the policy limit attributable to Defendant's delay in valuing Plaintiff's Building/Property loss, and those additional months constitute consequential damages flowing from claims extinguished by the settlement agreement.

## II.   DISCUSSION

### Legal Standard

Summary judgment is proper when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those "that might affect the outcome of the suit under the governing law," and a genuine material fact is one such that "a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Courts must view facts in the light most favorable to the non-moving party and resolve all doubts against the moving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007).

**Analysis**

In its response to Defendant's motion (Doc. 105), Plaintiff confirms that it does not seek an extension of Income/Expense coverage under the policy but rather extra-contractual damages caused by Defendant's breach and vexatious refusal in connection with Defendant's handling of Plaintiff's Building/Property loss claim.

As this Court recognized in its earlier order, a claim of vexatious refusal requires proof (1) of an insurance policy, (2) of the insurer's refusal to pay, and (3) that the insurer's refusal was without reasonable cause or excuse." *Broadway Ford*, 2021 WL 3186531, at *3 (citing *D.R. Sherry Const., Ltd. v. Am. Family Mut. Ins. Co.*, 316 S.W.3d 899, 907 (Mo. banc 2010)). A claim of vexatious refusal can survive even after an insurer has paid coverage under the policy when an insured is owed additional amounts to be made whole "in a practical sense." *Dhyne v. State Farm Fire & Cas. Co.*, 188 S.W.3d 454, 457 (Mo. 2006) (denying summary judgment where plaintiff incurred lost wages and attorney fees due to insured's initial denial of her uninsured motorist claim). Thus, Plaintiff asserts that its additional monthly losses are recoverable as extra-contractual damages for Defendant's failure to timely cover the structural damage to Plaintiff's building.

Here, however, the central question is whether Plaintiff released any such claim pursuant to the parties' partial settlement agreement. Plaintiff insists that the settlement only released claims directly related to its actual building losses and not any incidental losses from Defendant's slow performance (Doc. 105 at pp. 13-15). Defendant maintains that Plaintiff's ability to recover any further losses stemming from Defendant's delayed processing of Plaintiff's structural loss claim was extinguished by the settlement. Defendant's position is consistent with the Court's prior ruling in this case concluding that the settlement encompassed claims of vexatious refusal with respect to Building/Property losses.

4

The parties' settlement agreement released "any and all" potential claims, on any theory of recovery, and whether for compensatory or punitive damages, arising out of Plaintiff's Building/Property coverage claims. Plaintiff's present theory of recovery – seeking extracontractual damages and statutory penalties for Defendant's delay in paying the Building/Property claim – rests on these settled matters and cannot proceed. Only the Income/Expense coverage provisions of the policy remained viable after the settlement, and Plaintiff's complaint does not invoke those provisions. Stated differently, the only breach Plaintiff cites as the basis for its complaint is Defendant's failure to timely pay Building/Property damages owed under the policy. But any claim arising from that part of the policy is barred by the settlement. While the settlement reserved any separate claims arising under the Income/Expense section (e.g., refusal to pay covered business income), Plaintiff does not now assert any such claims, as Defendant has already paid the maximum twelve months allowed.

Moreover, even were Plaintiff's complaint not barred by the settlement agreement, the Court is not persuaded that Plaintiff could recover more than Defendant has already paid under the policy. "Attempting to extend business income payments beyond the first twelve months when the policy clearly limits coverage to that period, even based on allegations of unreasonable delays by the insurer, ignores the plain language of the policy." *Constr. Sys., Inc. v. Gen. Cas. Co. of Wisconsin*, CV 09-3697 (RHK/JJG), 2010 WL 11575518, at *7 (D. Minn. Aug. 31, 2010) (distinguishing cases where no clear time limit was stated in the policy).

### III.   CONCLUSION

Plaintiff's complaint is foreclosed by the settlement and the policy limit. There being no genuine issues of material fact in dispute, Defendant is entitled to summary judgment as a matter of law.

5

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's motion for summary judgment is **GRANTED**.  (Doc. 95).

A separate Judgment will accompany this Memorandum and Order.

Dated this 13th day of January, 2023.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE